UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RENAE CARTER, | No. 2:16-cv-0013 WBS DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RONALD RACKLEY, Warden, | |
| Respondent. | |

Petitioner, Frederick Renae Carter, is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Therein, petitioner raises six claims concerning his 1997 murder and stalking conviction, including ineffective assistance of counsel, violations of his due process and equal protection rights, and Batson error. Respondent moves to dismiss the petition as successive and untimely. Respondent also contends that grounds one and six should be dismissed for failure to state a claim. For the following reasons, the undersigned will recommend that respondent's motion to dismiss be granted and the petition be dismissed as successive.

**I. Relevant Background**

On December 11, 1997, petitioner was convicted in the Sacramento County Superior Court of first degree murder and stalking. With a sentencing enhancement allegation found to be true, petitioner was sentenced on January 9, 1998, to an indeterminate term of thirty-seven years

1

to life. The judgment was affirmed by the state appellate court on November 24, 1999. Petitioner did not seek review in the state supreme court.

### A. State Court Filings

To date, petitioner has filed eight state post-conviction collateral actions challenging his judgment:

1. <u>Action No. 1</u>: On February 14, 2000, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodged Doc. ["LD"] 3.) This petition was denied on April 26, 2000. (LD 4.)

2. <u>Action No. 2</u>: On April 5, 2001, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 5.) This petition was denied on May 3, 2001. (LD 6.)

3. <u>Action No. 3</u>: On June 13, 2001, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 7.) This petition was denied on June 21, 2001. (LD 8.)

4. <u>Action No. 4</u>: On August 15, 2001, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 9.) This petition was denied on February 27, 2002. (LD 10.)

5. <u>Action No. 5</u>: On February 9, 2014, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 11.) This petition was denied on May 16, 2014. (LD 12.)

6. <u>Action No. 6</u>: On June 9, 2014, petitioner filed an appeal in the California Court of Appeal, Fifth Appellate District, regarding the May 16, 2014, denial of his petition for writ of habeas corpus. (LD 13.) This appeal was dismissed on June 26, 2014. (LD 14.)

7. <u>Action No. 7</u>: On January 19, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 15.) This petition was denied on January 29, 2015. (ECF No. 16.)

8. Action No. 8: On April 1, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 17.) This petition was denied on September 30, 2015. (LD 18.)

B. **Federal Court Filings**

On March 6, 2002, petitioner filed a petition for writ of habeas corpus in this court, Carter v. Finn, 2:02-cv-0486-GEB-PAN (the "first federal petition" or "first petition"). There, petitioner raised four claims concerning the same 1997 stalking conviction underlying this case: (1) the trial court erred when it allowed the jury to consider unspecified criminal counts against petitioner; (2) the trial court erroneously excluded petitioner's spontaneous declaration as hearsay; (3) instructional error; and (4) sentencing error. This petition was dismissed as untimely on October 10, 2013.

Petitioner initiated this case on January 4, 2016. Respondent filed the pending motion to dismiss on February 21, 2017. (ECF No. 9.) Petitioner has filed an opposition. (ECF No. 20.) This matter is fully briefed and ready for disposition.

**II. Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the undersigned will review the state's motion to dismiss pursuant to her authority under Rule 4.

In ruling on a motion to dismiss, the court "'must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party.'" Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "'part of the pleading for all purposes.'" Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

////

### III. Analysis

Respondent presents three grounds for the dismissal of this action: the petition is successive, it is untimely, and claims 1 and 6 fail to state a claim. Because the Court finds that the petition should be dismissed as successive pursuant to 28 U.S.C. § 2244, it declines to consider respondent's remaining two grounds for dismissal.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed...." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A petition is not considered "second or successive" where the petition was not "adjudicated on the merits." Green v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473, 485-486 (2000). Nonetheless, a petition that was previously dismissed for "failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

Respondent argues that dismissal of the instant petition as successive is mandated under § 2244(b)(2) because it includes six grounds not asserted in the first federal petition and because that first petition was dismissed as time-barred.

Petitioner does not dispute that the claims that are asserted here were not asserted in the first petition. He also does not argue that his current petition is not successive. Rather, he contends that the dismissal of the first federal petition was not on the merits and therefore cannot serve to bar this action. That argument is foreclosed by McNabb, supra, 576 F.3d at 1030. Next, petitioner argues that his claims fall under the two exceptions set forth in § 2244(b)(2)(A) and/or (B). In support, he relies on two Supreme Court cases that he asserts are applicable to his claims: Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013). But as respondent rightly points out, whether the exceptions are applicable to this case is a determination that must be made by the appellate court, not this court. See 28 U.S.C. § 2244(b)(3); Greenawalt v. Stewart, 105 F.3d 1287, 1287-88 (9th Cir. 1997); Ninth Circuit Rules 22-3 (directing an applicant seeking to file a successive petition to "state how the requirements of sections 2244(b) … have been satisfied.").

The instant petition challenges petitioner's conviction and sentence that were previously challenged in this federal district court under 28 U.S.C. § 2254 and is therefore a successive petition. Petitioner must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

**IV.     Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 9) be GRANTED, and the petition for writ of habeas corpus be DISMISSED without prejudice as successive.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. <u>See</u> Rule 11, Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Dated: March 7, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7
DB/Inbox/Substantive/cart0013.mtd